UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No.<br><br>(C.D. Cal. Case No. 2:17-cv-00035) |

**NON-PARTY DEANNA CASPER'S MOTION TO TRANSFER OR ALTERNATIVELY QUASH SUBPOENA & INCORPORATED MEMORANDUM OF LAW**

Non-party Deanna Casper moves this Court for an order transferring the Subpoena to Testify at a Deposition scheduled for Monday, June 25, 2018, directed to Mrs. Casper (the "Subpoena") propounded by Defendant Toyota Motor Sales, U.S.A. ("Toyota") in connection with the lawsuit, *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, to the Central District of California, where the lawsuit is currently pending. In the alternative, Mrs. Casper respectfully requests that this Court quash the Subpoena, because Toyota seeks discovery from Mrs. Casper that is not relevant to the parties' claims and defenses and is cumulative of discovery already taken in this action. Moreover, the discovery Toyota seeks from Mrs. Casper can be obtained through other significantly less burdensome means.

1. **FACTUAL AND PROCEDURAL BACKGROUND**

In January 2017, the plaintiffs in *Stockinger v. Toyota Motor Sales, U.S.A.* ("Plaintiffs") filed a putative class action concerning defectively designed Heating, Ventilation, and Air Conditioning Systems ("HVAC Systems") installed in several Toyota and Lexus model vehicles

("Class Vehicles"). Plaintiffs allege that the defect is common to all Class Vehicles. On July 7, 2017, the Court denied, in part, Toyota's motion to dismiss Plaintiffs' complaint, upholding the majority of Plaintiffs' claims. *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, ECF No. 50 (C.D. Cal. July 7, 2017).

Toyota has already deposed the six named plaintiffs and conducted inspections of their vehicles. On May 31, 2018, Toyota served Mrs. Casper with a subpoena to testify at a deposition. Mrs. Casper is the wife of Plaintiff Eliezer Casper. Mrs. Casper served Toyota with objections to the Subpoena on June 12, 2018. Mrs. Casper's counsel subsequently conferred with Toyota's counsel in an attempt to reach a mutually agreeable method for obtaining the information sought by Toyota, such as through depositions by written questions or limiting the time for the depositions. However, Toyota declined. Because Toyota's Subpoena is unnecessary, duplicative, cumulative, and harassing, Mrs. Casper now moves to quash the Subpoena.

2. **ARGUMENT**

   A. **Legal Standard**

The scope of a subpoena is subject to the limitations of both Rules 26 and 45. *See Barrington v. Mortg. IT, Inc.*, No. 07-cv-61304, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) ("Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery[.]"). Rule 45 protects a subpoenaed party from "undue burden," and Rule 26 provides that the court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C). Further, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Courts in the

2

Eleventh Circuit consider the following factors when balancing whether a subpoena imposes an undue burden with the requesting party's need for such discovery: "(1) the relevance of the information requested; (2) the need of the requesting party for its production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed on the subpoenaed party." *Dig. Assurance Certification, LLC v. Pendolino*, No. 17-cv-72-ORL-41TBS, 2017 WL 4342316, at *9 (M.D. Fla. Sept. 29, 2017).

When the court where compliance of the subpoena is required did not issue the subpoena, it may transfer the motion to quash to the issuing court if the person subject to the subpoena consents or there are exceptional circumstances. FED. R. CIV. P. 45(f).

B.      **Transfer Of This Motion To The Central District Of California Is Warranted.**

Pursuant to FED. R. CIV. P. 45(f), Mrs. Casper asks that this Motion be transferred to the Central District of California. The Court where compliance with the subpoena is required may transfer a motion (1) "if the person subject to the subpoena consents" or (2) if there are "exceptional circumstances." *Id*.

Here, the subject of the Subpoena, Mrs. Casper, is requesting the transfer of the motion. Accordingly, the Court should transfer this motion to the Central District of California, where the underlying action is pending. *See* FED. R. CIV. P. 45(f) advisory comm.'s note to 2013 amendment (explaining that the Rule's "prime concern" is "avoiding burdens on local nonparties subject to the subpoenas"). *See Pfizer, Inc. v. Mylan Inc*., No. 16-mc-47-T-17JSS, 2016 WL 3021911, at *1-2 (M.D. Fla. May 26, 2016) (granting motion to transfer where subject of the subpoena consented to transfer);*San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (granting transfer where the non-party "not only consented but has

affirmatively requested transfer" and noting that "the Court need not consider whether the case presents 'exceptional circumstances[,]' [because] [i]t is enough to note that the requested transfer does not appear to be frivolous or made in bad faith").

In fact, two other non-parties subpoenaed by Toyota are also contesting the subpoenas issued to them by Toyota and also requesting that their motions to quash be transferred to the Central District of California. Transfer is further warranted here because the Motion presents issues regarding the scope of relevant discovery in the entire case that are likely to arise throughout the litigation and may impact matters, which the district court in the Central District of California has already ruled on or will rule on. Indeed, related issues have previously been considered by the court in the *Stockinger* action and will likely inform decisions regarding Mrs. Casper's Subpoena.

For these reasons, transfer of this Motion is appropriate.

**C.     The Subpoena Should Be Quashed Because It Is Unduly Burdensome**

In the event the Court does not transfer this Motion to the Central District of California, Mrs. Casper asks the Court to quash the Subpoena, because it is unduly burdensome and the information sought by Toyota can be obtained through less burdensome means. Mrs. Casper is a non-party to the action. *See Trigeant Ltd. v. Petroleos De Venez., S.A.*, No. 08-cv-80584, 2009 WL 10668731, at *2 (S.D. Fla. May 5, 2009) (noting that the "status [of a person] as a nonparty weighs against disclosure"). The fact that Mrs. Casper is the spouse of a named plaintiff does not transform her into a percipient fact witness with relevant information. Toyota's serving of the Subpoena upon Mrs. Casper is harassing, as well as unreasonably cumulative and duplicative of the testimony already obtained from Mr. Casper. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) ("Preparing and sitting for a deposition is always a burden, even when documents are not required, particularly for a non-party.").

The Court must consider whether Mrs. Casper, as a third party, not only possesses relevant information, but whether "the requested information [ ] also satisf[ies] the proportionality requirement meaning it must be more than tangentially related to the issues that are actually at stake in the litigation." *See Flynn v. Square One Distrib., Inc*., No. 16-mc-25-ORL-37TBS, 2016 WL 2997673, at *4 (M.D. Fla. May 25, 2016) (granting motion to quash where the testimony sought was not relevant enough to be proportionately related to the issues in the litigation). Mrs. Casper has no relevant knowledge.

As alleged in the First Amended Complaint ("FAC"), Plaintiffs allege that all Class Vehicles contain a defective HVAC system which fails to adequately remove water from the evaporator, and surrounding enclosures, which in turn aggravates the tendency of the HVAC Systems to generate mold and foul and noxious odors. *Stockinger*, ECF No. 34, at ¶¶ 39-41. Whether or not Class Vehicles contain such a design defect is in no way dependent on Mrs. Casper's testimony; rather, the design defect will be shown or disproven through experts and discovery obtained from Toyota and its affiliates.

Indeed, internal Toyota documents demonstrate that Toyota was fully aware that the HVAC Systems in certain Toyota vehicles were defectively designed. For example, in September 2015, Toyota's Corporate Manager for Pricing & Cross Carline Planning, Shayne Carter, expressed frustration that Toyota was not repairing the defective HVAC Systems, but instead charging customers, asking: "If we acknowledge that the AC smells and there is a way to make it go away how is that not an Engineering issue. Is that considered a 'nice to have' item, enhancement to the system. I see it as a basic requirement of the system." Ex. A (Email from Shayne Carter to Ethan Leighton, Sept. 9, 2015). However, rather than fixing the problem, in part as an attempt to avoid Lemon Law liability, Toyota and its exclusive network of distributors told

customers that "the condition was normal." Ex. B (Email from Christopher Hitt to Bill Bergen, Sept. 19, 2012). Thus, Mrs. Casper's personal experience with the vehicle is irrelevant. Plaintiffs' allegation that Toyota knew that the HVAC Systems in Class Vehicles were defectively designed, is a fact beyond Mrs. Casper's personal knowledge.

Toyota claims that Mrs. Casper's knowledge is relevant because her husband, Plaintiff Casper, testified that Mrs. Casper was the primary driver of the vehicle. However, while it is true that Mrs. Casper was the primary driver, Mr. Casper was also a frequent driver and passenger in the vehicle and competently testified as to his personal experience during a deposition that lasted ***over seven hours***. Plaintiff Mr. Casper was also responsible for the maintenance of the vehicle and testified to such. Toyota cannot show the need for the proposed discovery. *See Barrington*, 2007 WL 4370647, at *6 (granting a motion to quash where the requesting party could not demonstrating relevancy of the information requested). There is simply no reason why Mrs. Casper's testimony would be relevant to whether the Class Vehicles contain a design defect.

Toyota has also failed to demonstrate that no other means exist to obtain the information it seeks through the Subpoena. *See e.g.*, *TQP Dev. LLC v. Alaska Air Grp., Inc*., No. 12-cv-3065, 2012 U.S. Dist. LEXIS 172767, at *21 (N.D. Ga. Nov. 28, 2012) (noting that discovery equally available from a party to the litigation is unduly burdensome); *Davidson v. Gov't Emps. Ins. Co.*, No. 09-cv-727-T-33MAP, 2010 WL 11507180, at *2 (M.D. Fla. Mar. 19, 2010) (failing to demonstrate whether requested information cannot be obtained through other means creates an undue burden). Mrs. Casper has offered to respond to deposition by written questions, and Toyota has refused. To the extent Toyota can demonstrate that Mrs. Casper's testimony is necessary or goes beyond the testimony already provided by Mr. Casper, such information can be obtained through other means, including written discovery requests or even deposition by written questions.

An oral deposition is an unnecessary and unduly burdensome method for obtaining this information.

In sum, the Subpoena is unduly burdensome because it blatantly seeks from Mrs. Casper information that is irrelevant and can be obtained from other sources.

### 3. CONCLUSION

For the foregoing reasons, Mrs. Casper respectfully requests that the Court grant her request to transfer this Motion to the Central District of California or, in the alternative, enter an order quashing the Subpoena.

DATED: June 22, 2018                    Respectfully submitted,

**PODHURST ORSECK, P.A.**

/s/ Peter Prieto
Peter Prieto (FBN 501492)
Matthew Weinshall (FBN 84783)
Alissa Del Riego (FBN 99742)
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Office (305) 358-2800
Fax: (305) 358-2382
Email: pprieto@podhurst.com
         mweinshall@podhurst.com
         adelriego@podhurst.com

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to resolve those issues.

By: /s/Peter Prieto
     Peter Prieto

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, I served a true and correct copy of **NON-PARTY DEANNA CAPSER'S MOTION TO TRANSFER OR ALTERNATIVELY QUASH SUBPOENA** upon the following counsel by email:

**MORGAN, LEWIS & BOCKIUS LLP**
David L. Schrader
david.schrader@morganlewis.com
Esther K. Ro
esther.ro@morganlewis.com
Jahmy S. Graham
jahmy.graham@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132

*Attorneys for Defendant Toyota Motor Sales, U.S.A., Inc.*

By: /s/Peter Prieto
　　Peter Prieto