MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
Esther K. Ro, Bar No. 252203
esther.ro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, BASUDEB DEY, GAILYN KENNEDY, ELIEZER CASPER, and YVETTE ALLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant.<br><br>And NON-PARTY, DEANNA CASPER,<br><br>Movant. | Case No. 2:18-mc-00084-ODW-GJS<br><br>Transferred from So. Dist. of Fla. Case No. 1:18-mc-22518-UU<br><br>Assigned to Judge Otis D. Wright, II<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S OPPOSITION TO NON-PARTY DEANNA CASPER'S MOTION TO QUASH SUBPOENA FOR ORAL TESTIMONY**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 640<br>Judge: Hon. Gail J. Standish (Magistrate)<br><br>Case Filed: June 28, 2018 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. LEGAL STANDARD FOR MOTION TO QUASH ................................... 2

III. ARGUMENT ................................................................................................ 4

    A. Plaintiff Casper's Allegations And Testimony Demonstrate The Likely Relevant And Unique Testimony Sought From Mrs. Casper ................................................................................................ 4

    B. Mrs. Casper Has Not Established That Complying With The Subpoena Would Impose An Undue Burden On Her ........................... 7

    C. Live Testimony Is Appropriate And TMS Should Not Be Forced To Use Lesser Discovery Devices ........................................................ 8

IV. CONCLUSION ........................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
   300 F.R.D. 406 (C.D. Cal. 2014) .................................................................... 7, 8

*ATS Prod., Inc. v. Champion Fiberglass, Inc.*,
   309 F.R.D. 527 (N.D. Cal. 2015) ......................................................................... 4

*Barrington v. Mortg. IT, Inc.*,
   No. 07-cv-61304, 2007 WL 4370647 (S.D. Fla. Dec. 10, 2007) ..................... 7, 8

*Davidson v. Gov't Emps. Ins. Co.*,
   No. 09-cv-727-T-33MAP, 2010 WL 11507180 (M.D. Fla. Mar. 19,
   2010) ..................................................................................................................... 9

*Flynn v. Square One Distrib., Inc.*,
   No. 16-mc-25-ORL-37TBS, 2016 WL 2997673 (M.D. Fla. May 25,
   2016) ................................................................................................................. 7, 8

*In re Tylenol (Acetaminophen) Mktg., Sales*
   *Practices & Prod. Liab. Litig.*,
   No. 2:13-MD-02436, 2014 WL 3035791 (E.D. Pa. July 1, 2014) ..................... 9

*Klay v. Santa Cruz Cty. Sheriff's Office*,
   No. 5:14-CV-00326 BLF, 2015 WL 3879729 (N.D. Cal. June 22,
   2015) ................................................................................................................. 8, 9

*Lamport v. Williams*,
   No. 14-MC-14126, 2014 WL 12605141 (S.D. Fla. May 30, 2014) ................ 4, 6

*Lofton v. Verizon Wireless (VAW) LLC*,
   308 F.R.D. 276 (N.D. Cal. 2015) ......................................................................... 4

*Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*,
   No. 15-CIV-24363, 2018 WL 1456614 (S.D. Fla. Mar. 23, 2018) ..................... 3

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633 (C.D. Cal. 2005) ......................................................................... 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii    DEFENDANT'S OPPOSITION TO DEANNA
      CASPER'S MOTION TO QUASH

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Rojas v. Marko Zaninovich, Inc*,
  No. 1:09-CV-00705 AWI, 2011 WL 2636071 (E.D. Cal. July 5,
  2011) ................................................................................................................ 6

*Sanchez Ritchie v. Sempra Energy*,
  No. 10CV1513-CAB(KSC), 2015 WL 12912316 (S.D. Cal. Apr. 6,
  2015) ................................................................................................................ 7

*Soto v. City of Concord*,
  162 F.R.D. 603 (N. D. Cal. 1995) .................................................................... 4

*TIC Park Ctr. 9, LLC v. Cabot*,
  No. 16-24569-CIV, 2017 WL 3099317 (S.D. Fla. Apr. 12, 2017) ............... 3, 7

*TQP Dev. LLC v. Alaska Air Grp., Inc.*,
  No. 12-cv-3065, 2012 U.S. Dist. LEXIS 172767 (N.D. Ga.
  Nov. 28, 2012) ................................................................................................ 9

*Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc.*,
  No. 14-CV-04568-RS (KAW), 2015 WL 6167968 (N.D. Cal.
  Oct. 21, 2015) .............................................................................................. 2, 3

*Withers v. eHarmony, Inc.*,
  267 F.R.D. 316 (C.D. Cal. 2010) ..................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ...................................................................................................... 4

Fed. R. Civ. P. 45 ...................................................................................................... 2

Fed. R. Civ. P. 45(c) ................................................................................................. 2

Fed. R. Civ. P. 45(d)(3)(A) ....................................................................................... 2

Fed. R. Evid. 401 ...................................................................................................... 4

Toyota Motor Sales, U.S.A., Inc. ("TMS") submits this opposition to Non-Party Deanna Casper's Motion to Quash a Subpoena for Oral Testimony ("Mot."). TMS requests this Court deny the motion to quash in its entirety for the reasons set forth below.

## I.  INTRODUCTION

Mrs. Casper's subpoena relates to a putative nationwide class action pending against TMS, in which the named plaintiffs, including Mrs. Casper's husband, Eliezer Casper ("Plaintiff Casper"), claim that the HVAC systems in their vehicles are defective and exposed them to mold growth, foul odors, and an unreasonable safety hazard. Plaintiff Casper and Mrs. Casper are co-owners of a 2011 Toyota Sienna ("subject vehicle"). Plaintiff Casper seeks damages based on, *inter alia,* alleged violations of the California Consumer Legal Remedies Act, the Florida Deceptive and Unfair Trade Practices Act, fraud, breach of the implied warranty of merchantability.

At his deposition, Plaintiff Casper testified that Mrs. Casper is the primary driver of the subject vehicle. He also testified that both he and Mrs. Casper maintained the subject vehicle and that Mrs. Casper has been involved in three car accidents in the subject vehicle. Plaintiff Casper also acknowledged that Mrs. Casper's name appears on an acknowledgement of a Florida Lemon Law consumer guide and an invoice for mechanic services that referenced maintenance of the subject vehicle's cabin air filter.

Based on Plaintiff Casper's testimony (which Mrs. Casper does not dispute), no doubt exists that Mrs. Casper is a percipient witness in this case. TMS issued a valid deposition subpoena to Mrs. Casper. She now seeks to quash the subpoena, asserting without any evidentiary support that her testimony is irrelevant, may be duplicative of Plaintiff Casper's testimony, and because she would rather answer written questions or provide documents. None of these reasons are sufficient to quash the subpoena based on undue burden. Mrs. Casper's motion to quash should

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1   DEFENDANT'S OPPOSITION TO DEANNA CASPER'S MOTION TO QUASH

DB1/ 98092494.2

be denied for three reasons.

***First***, TMS has demonstrated that Mrs. Casper likely possesses unique and relevant knowledge regarding the subject vehicle that is at issue in this case. Based on Plaintiff Casper's testimony, Mrs. Casper was involved in the purchase of the subject vehicle, is the primary driver of the subject vehicle, has been in car accidents in the subject vehicle, and was responsible, in part, for maintaining the subject vehicle. TMS is entitled to explore these relevant topics with Mrs. Casper.

***Second***, Mrs. Casper fails to carry her burden to show that a deposition would impose an undue burden on her. Mrs. Casper only offers unsubstantiated argument that her testimony would be duplicative of Plaintiff Casper's testimony and that she has no relevant information relating to the alleged defect in the subject vehicle. Mrs. Casper will not be unduly burdened by complying with the subpoena as she has the assistance of counsel (the same counsel representing her husband and the other named plaintiffs in the underlying litigaiton) and is aware of the pending litigation. Further, Mrs. Casper presents no evidence of undue burden.

***Third,*** Mrs. Casper fails to demonstrate that a deposition by written questions or document requests should take the place of oral testimony. No requirement under the Federal Rules of Civil Procedure excuses her from obeying a validly issued subpoena and the cases she cites have no application here.

Mrs. Casper's motion to quash should be denied.

## II.  LEGAL STANDARD FOR MOTION TO QUASH

Under Federal Rule of Civil Procedure 45, a party may move to quash or modify a subpoena under four circumstances: the subpoena (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A); *see also Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc.*, No. 14-CV-04568-RS (KAW), 2015

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 98092494.2

2

DEFENDANT'S OPPOSITION TO DEANNA CASPER'S MOTION TO QUASH

WL 6167968, at *2 (N.D. Cal. Oct. 21, 2015); *see also Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 15-CIV-24363, 2018 WL 1456614, at *3 (S.D. Fla. Mar. 23, 2018).[1] The party issuing the subpoena must demonstrate that the subpoena seeks relevant information, and the party moving to quash the subpoena bears the burden of persuasion, *i.e.,* introducing a preponderance of evidence, that the subpoena presents an undue burden on her. *See Universal Church*, 2015 WL 6167968, at *2. "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party" considering such factors as relevance, need, and breadth of the request. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3099317, at *2 (S.D. Fla. Apr. 12, 2017) (applying Eleventh Circuit precedent) (in the context of document requests, courts look to at least six factors including "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed").

Here, the only basis for Mrs. Casper's motion is a purported undue burden. TMS easily demonstrates the likely relevancy of her testimony. Mrs. Casper, on the other hand, fails to meet her burden of persuasion that appearing for a deposition imposes an undue burden on her. Accordingly, Mrs. Casper's motion to quash should be denied.

---

[1] TMS cites to both Eleventh and Ninth Circuit precedent because the subpoena was issued in the Eleventh Circuit, the motion to quash was filed in Florida, any deposition would occur in Florida, and the Florida court transferred the motion to the United States District Court of the Central District of California.

## III. ARGUMENT

### A. Plaintiff Casper's Allegations And Testimony Demonstrate The Likely Relevant And Unique Testimony Sought From Mrs. Casper.

TMS seeks relevant testimony from Mrs. Casper. Federal Rule of Civil Procedure 26, allows a party to obtain discovery concerning "any nonprivileged matter that is relevant to any party's claim or defense." *ATS Prod., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015); *accord Lamport v. Williams*, No. 14-MC-14126, 2014 WL 12605141, at *2 (S.D. Fla. May 30, 2014). "Federal Rule of Evidence 401 defines 'relevant evidence' as 'evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280 (N.D. Cal. 2015) (citing Fed. R. Evid. 401). "The question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Id.* (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N. D. Cal. 1995)).

Mrs. Casper claims that her testimony is not relevant because her testimony does not relate to whether a design defect exists in the proposed class vehicles.[2] Contrary to Mrs. Casper's barebones assertion, her testimony is relevant to the allegations raised in Plaintiff Casper's complaint, in which he asserts individual claims and proposed class claims. Plaintiff Casper alleges that the subject vehicle's HVAC system "emits noxious and foul odors into the vehicles" and that she has been "exposed to a serious safety hazard." Declaration of Esther K. Ro ("Ro Decl.") at Ex. A (*Stockinger* First Amended Complaint ("FAC") at ¶ 3). Indeed, the FAC is littered with hearsay reports from unidentified third parties about

---

[2] *See* Motion at 5 ("Whether or not Class Vehicles contain such a design defect is in no way dependent on Mrs. Casper's testimony; rather, the design defect will be shown or disproven through experts and discovery obtained from Toyota and its affiliates").

alleged odors emitted from their HVAC systems. *Id.* at ¶¶ 17-25 (citing NHTSA complaints from third parties). TMS is entitled to find out what the person who drove the subject vehicle at issue may have experienced in that regard, how that person operated and maintained the subject vehicle and whether any of those factors may have been the cause of any HVAC odor detected. Plaintiff Casper also alleges he was misled into purchasing the subject vehicle and that the subject vehicle is worth less than what he paid for it. *Id.* at ¶¶ 129, 130. TMS is entitled to find out what the persons who were involved in the purchasing process knew, learned, and considered during the purchase.

       Plaintiff Casper's deposition testimony establishes that Mrs. Casper has non-duplicative knowledge relating to Plaintiff Casper's claims. Mrs. Casper is the co-owner of the subject vehicle, continues to drive the subject vehicle, and is the primary driver of the subject vehicle. *See* Ro Decl., Ex. B (Eliezer Casper Deposition Transcript ("Casper Dep.") at 13:2-14:15, 29:22-24, and 80:15-17. According to Plaintiff Casper, both he and Mrs. Casper handled the servicing of the subject vehicle. *See id.* at 78:1-4. In fact, Plaintiff Casper admitted that a mechanic's invoice for service conducted on the subject vehicle lists Mrs. Casper as the customer; this invoice noted that the customer declined to change the cabin air filter in the subject vehicle. *Id.* at 110:5-111:12 and 115:15-18. Plaintiff Casper testified that Mrs. Casper signed an acknowledgement of receipt of the Consumer Guide to the Florida Lemon Law when they purchased the vehicle. *Id.* at 105:23-106:21. He also testified that he did not know whether any statements were made to his wife regarding the vehicle's HVAC system prior to purchasing it. *Id.* at 213:17-214:11. Plaintiff Casper could not recall if Mrs. Casper purchased anything to address the alleged HVAC odor. *Id.* at 244:4-11. Further, Mrs. Casper has been in three accidents while driving the subject vehicle. *Id.* at 235:16-236:18.

       At bottom, Mrs. Casper may have relevant and unique knowledge about, among other things, the operation of the subject vehicle, its maintenance and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 98092494.2

5

DEFENDANT'S OPPOSITION TO DEANNA
CASPER'S MOTION TO QUASH

knowledge of the alleged defect.  TMS may properly examine Mrs. Casper as a percipient witness about these relevant topics alleged in Plaintiff Casper's complaint and testified to in his deposition.  *See Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 322 (C.D. Cal. 2010) (denying motion for a protective order relating to the deposition of the named plaintiff's boyfriend in a putative class action because he was a "key percipient witness with personal knowledge"); *Rojas v. Marko Zaninovich, Inc*, No. 1:09-CV-00705 AWI, 2011 WL 2636071, at *4 (E.D. Cal. July 5, 2011) (finding proper depositions of individuals who had relevant information to the claims and defenses in the putative class action); *Lamport*, 2014 WL 12605141, at *2 (denying motion to quash relating to subpoena issued to plaintiff's spouse who had knowledge related to defenses).

    *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 322 (C.D. Cal. 2010), noted above, is particularly instructive on this point.  In *Withers*, the court denied a motion for a protective order brought by the named plaintiff's boyfriend, including a request to limit the length of time of the deposition.  *Id.*  The court found that the subpoenaed witness "is a key percipient witness with personal knowledge of plaintiff's experience with eHarmony; thus, he is more than an absent or putative class member.  Moreover, [his] experiences as a member of eHarmony vis-a-vis his 'match' with plaintiff are relevant to plaintiff's individual claims, plaintiff's suitability and adequacy as a class representative, and determining whether plaintiff has a 'personal stake' in the litigation."  *Id.* at 321.  The court held that "defendant may properly examine [him] as a percipient witness about these topics."  *Id.* at 322.  Similarly, here, Mrs. Casper has unique knowledge about the subject vehicle's condition, operating characteristics, maintenance, and to what extent it was repaired after the three accidents.  Thus, like the boyfriend in *Withers,* Mrs. Casper may be deposed because she has relevant knowledge going to the merits of Eliezer's claims.

### B. Mrs. Casper Has Not Established That Complying With The Subpoena Would Impose An Undue Burden On Her.

Mrs. Casper sets forth no evidence that sitting for a deposition presents an undue burden on her. An evaluation of undue burden generally requires this Court to weigh the burden to the subpoenaed party against the value of the information to the serving party, but a "generalized and unsupported allegation of undue burden is not sufficient to prevent enforcement of [a] subpoena." *See Sanchez Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2015 WL 12912316, at *8 (S.D. Cal. Apr. 6, 2015) (citations omitted); *TIC Park Ctr. 9*, 2017 WL 3099317, at *2 ("Courts in the Eleventh Circuit have made clear that to demonstrate an undue burden, the moving party must put forth either affidavits or other evidence that reveals the nature of the burden"). Mrs. Casper merely asserts that her testimony would be duplicative of her husband's testimony, that she "has no relevant knowledge," and that her "personal experience with the vehicle is irrelevant" to whether the subject vehicle has a design defect. *See* Mot. 4-5. These statements, made without any evidentiary support, are insufficient to support a motion to quash, and more importantly, are incorrect. Mrs. Casper is represented by counsel. According to her husband, Mrs. Casper has non-duplicative, first-hand information relating to, *inter alia,* her knowledge related to the consumer guide on Florida's Lemon law (Ro Decl., Ex. B, Casper Dep. at 105:23-106:21), when she first noticed the alleged HVAC odor (*see id.* at 16:2-17:10), her use of the air conditioning system (*see id.* at 98:11-21), and whether she purchased air fresheners for the vehicle (*see id.* at 245:20-22). Mrs. Casper possesses relevant information; her bare assertion to the contrary is insufficient to prove an undue burden.

Mrs. Casper relies on several cases – *Flynn v. Square One Distrib., Inc.*, No. 16-mc-25-ORL-37TBS, 2016 WL 2997673, at *4 (M.D. Fla. May 25, 2016), *Barrington v. Mortg. IT, Inc.*, No. 07-cv-61304, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007), and *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,

300 F.R.D. 406 (C.D. Cal. 2014) – to contend the contrary, but these cases have no application here. *Flynn* involved whether the president of an association who created a warning label could be subpoenaed in a personal injury action; the court concluded that while the label was relevant, the creation of the label had no relevance to the case and quashed the subpoena. *See Flynn,* 2016 WL 2997673 at *4. *Barrington* involved an employer seeking plaintiffs' prior employment records in a Fair Labor Standards Act case; the court held that the prior employment records had no relevance as to whether the defendant employer properly compensated the plaintiffs in their current employment and quashed the subpoena. *See Barrington,* 2007 WL 4370647 at *3-*4. Finally, in *Amini* the subpoenaing party failed to demonstrate that the subpoenaed party was greatly involved in the design of the allegedly infringing trade dress – the potentially relevant information. *See Amini,* 300 F.R.D. at 411. Here, Mrs. Casper is not some former employer or person with only a tangential relation to the case – she is the co-owner of the subject vehicle at the center of Plaintiff Casper's claims, continues to drive the subject vehicle, and has information regarding its maintenance among other matters; she likely is in the possession of "unique information relevant" to her husband's claims. *See Klay v. Santa Cruz Cty. Sheriff's Office*, No. 5:14-CV-00326 BLF, 2015 WL 3879729, at *2 (N.D. Cal. June 22, 2015). Mrs. Casper has presented no evidence of undue burden and TMS may seek to obtain her relevant information.

### C. Live Testimony Is Appropriate And TMS Should Not Be Forced To Use Lesser Discovery Devices.

This Court should reject Mrs. Casper's contention that TMS must prove that no other means are available to obtain her relevant information and her indication that TMS should have agreed to obtain the relevant information that she possesses by "document requests" and "written deposition by questions." *See* Mot. at 6. Neither method is sufficient nor required as TMS sought a deposition only after

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 98092494.2

8

DEFENDANT'S OPPOSITION TO DEANNA CASPER'S MOTION TO QUASH

attempting to obtain information from Plaintiff Casper. A document request would not be sufficient because TMS would only receive documents reflecting Mrs. Casper's relevant information – and not her actual knowledge or recollection of pertinent information related to the purchase, operation and maintenance of the vehicle. *See, e.g., Klay*, 2015 WL 3879729, at *2 ("documents alone are no substitute for deposition testimony"). Further, deposition by written questions would be inadequate because TMS would not be able to ask follow up questions or observe Mrs. Casper's nonverbal cues. *See In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.,* No. 2:13-MD-02436, 2014 WL 3035791, at *4 (E.D. Pa. July 1, 2014) (finding deposition by written questions would be an inefficient and unproductive substitute for an oral deposition).

Mrs. Casper's citations to *Alaska Air* and *Davidson* are unconvincing. Mot. at 5 (citing *TQP Dev. LLC v. Alaska Air Grp., Inc.,* No. 12-cv-3065, 2012 U.S. Dist. LEXIS 172767 *21 (N.D. Ga. Nov. 28, 2012) and *Davidson v. Gov't Emps. Ins. Co*., No. 09-cv-727-T-33MAP, 2010 WL 11507180, at *2 (M.D. Fla. Mar. 19, 2010)). The court in *Alaska Air* sustained an objection as to a subpoena for documents that the subpoenaing party already had; *Davidson* involved an overbroad request seeking to obtain an attorney's claim files for over five years. Here, TMS is not requesting documents, but oral testimony regarding Mrs. Casper's knowledge and information that TMS does not possess. TMS attempted to obtain information from Plaintiff Casper, but in some cases he stated that he did not know the responsive information and, moreover, despite his attempts,[3] Plaintiff Casper cannot testify as to Mrs. Casper's personal knowledge regarding relevant matters

---

[3] At his deposition, Plaintiff Casper attempted to testify as to what Mrs. Casper recalled or knew regarding various topics including knowledge of the alleged HVAC odor and attempts to address the issue. *See* Ro Decl., Ex. B, Casper Dep. at 44:19-45:20, 65:16-22, 80:4-14, 85:20-86:12, 88:3-6 and 180:10-17. Mrs. Casper cites no authority that another person properly can testify on behalf of another's recollection or personal knowledge.

and her experiences with the vehicle.

This Court should reject Mrs. Casper's contention that an oral deposition is unnecessary and that TMS can obtain the her unique, relevant information via "document requests" or "deposition by written questions."

## IV. CONCLUSION

TMS has demonstrated that it seeks unique testimony from Mrs. Casper that likely is relevant to Plaintiff Casper's claims. Mrs. Casper, on the other hand, wholly fails to meet her burden of demonstrating an undue burden in complying with the subpoena. Thus, Mrs. Casper's motion to quash should be denied.

Dated: July 6, 2018

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Esther K. Ro


By  /s/ Esther K. Ro
Esther K. Ro
Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 98092494.2

10

DEFENDANT'S OPPOSITION TO DEANNA CASPER'S MOTION TO QUASH