**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Peter A. Muhic
  pmuhic@ktmc.com
Tyler S. Graden
  tgraden@ktmc.com
Natalie Lesser
  nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Deanna Casper*

*(Additional Attorneys Listed on Signature Page)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br>a California corporation,<br><br>Defendant. | Case No. 2:18-mc-00084-VAP-KS<br><br>**NON-PARTY DEANNA CASPER'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA**<br><br>Date: August 8, 2018<br>Time: 11:00 a.m.<br>Place: Courtroom 580<br>Judge: Hon. Karen L. Stevenson<br>(Magistrate)<br>Complaint Filed: January 3, 2017<br>FAC Filed: March 24, 2017 |

Non-party Deanna Casper submits this reply in support of her Motion to Quash Subpoena for Oral Testimony ("Motion" or "Mot.") served in *Stockinger v. Toyota Motor Sales, U.S.A., Inc.,* 17-cv-00035 (C.D. Cal.) and respectfully requests that the Court grant the Motion to Quash.

## I. INTRODUCTION

The *Stockinger* litigation involves defective Heating, Ventilation and Air Conditioning systems ("HVAC Systems") present in all model year 2004-2015 Toyota Sienna, and other Class Vehicles, including the 2011 Sienna owned by Ms. Casper's husband, named Plaintiff Eliezer Casper. As alleged in the Amended Complaint ("Am. Compl."), the defective HVAC System "fails to adequately remove water from the evaporator and surrounding enclosures" and in turn creates an environment that promotes mold and other microbial growth. Am. Compl. ¶ 39. Toyota has long been aware of voluminous customer complaints about noxious and foul odors being emitted from the HVAC systems in the Class Vehicles. *Id.* at ¶ 56. The *Stockinger* Plaintiffs allege that Toyota has known about this defect since at least 1997, but continued to represent that its vehicles were of standard quality in order to increase profits by selling additional Class Vehicles. *Id.* at ¶¶ 8, 49-67.

The *Stockinger* Plaintiffs do not seek damages for personal injuries that may have resulted from mold exposure, nor do they seek to assign a dollar value based on the particular level of discomfort experienced by an owner; rather, they seek to make the Class whole by, *inter alia*, requiring Toyota to compensate the Class for the difference in value between a vehicle with a defective HVAC System and a vehicle without a defective HVAC System, and/or other compensable damages to the Class. Ms. Casper is not a named plaintiff. She is simply someone who has driven in a Class Vehicle and is married to a plaintiff. Notably, Toyota already deposed Ms. Casper's husband over the course of more than eight (8) hours. Ms. Casper's testimony will be

redundant of her husband's; she has nothing novel to add that is relevant to either the claims of Plaintiffs or the defenses of Toyota.

Toyota's argument that Mr. Casper was unable to sufficiently testify is belied by the length of the deposition itself, which ran from 10:03 a.m. to 6:15 p.m. *See* Declaration of Tyler S. Graden ("Graden Decl.") at Ex. A (Deposition of Eliezer Casper) at 1. To depose Mr. Casper over such a length of time and then subpoena his wife is harassing. If Toyota were truly interested in gathering relevant information about users' experiences with Class Vehicles, then it could have contacted the numerous putative Class Members who have complained to Toyota and its dealers over the years about the defective HVAC Systems in their vehicles. Toyota asserts that Ms. Casper's testimony is necessary because she was the primary driver of the vehicle. Even if she was, Mr. Casper has already testified as to the condition of the vehicle. Any hypothetical knowledge Ms. Casper may have about maintenance or repairs of the vehicle would already be documented by materials produced in discovery.

Simply put, any information Toyota seeks by deposing non-party Ms. Casper is either irrelevant or duplicative of other testimony and evidence. Ms. Casper was not listed in Plaintiffs' initial disclosures as someone with relevant knowledge, and Plaintiffs do not intend to call her at trial. Deposing a non-party to gather irrelevant or duplicative information is unduly burdensome for the witness, wholly improper and harassing. Therefore, Ms. Casper asks the Court to quash the subpoena.

## II. ARGUMENT

### A. Toyota Seeks Irrelevant and/or Duplicative Information

Toyota seeks testimony from Ms. Casper that is either redundant or wholly irrelevant to this action, and therefore harassing. In doing so, Toyota feigns ignorance as to the heart of this case by fundamentally misconstruing Plaintiffs' claims in the underlying litigation. Ms. Casper's individual experience driving a Class Vehicle is not "unique and relevant information." Indeed, Plaintiffs' claims do not hinge on

individualized experiences—including the presence of or degree of odor or mold in their vehicles, or maintenance history of vehicles—but instead are focused on the presence of a defective HVAC System which "fails to adequately remove water from the evaporator and surrounding enclosures" and creates environments prone to noxious odors, mold and/or other contaminants. Plaintiffs seek to recover damages due to, *inter alia*, the difference in value of vehicles with defective HVAC Systems compared to the value of those vehicles with non-defective HVAC Systems. The claims do not rise or fall on the testimony of a non-party driver of a vehicle, but rather will largely be based on expert testimony and/or Toyota's knowledge, documents, information and personnel.

Toyota also seeks to gather information from Ms. Casper concerning the purchase of the Class Vehicle, car accidents involving the Class Vehicle, and maintenance related to the Class Vehicle. Evidence about each of these items has already been proffered by her husband, named Plaintiff Eliezer Casper, and is otherwise available through records, including the purchase price of the vehicle, the maintenance records of the vehicle, and the title records. In fact, Mr. Casper testified that he handled these types of things in their household and kept and produced all records concerning servicing of the vehicle in his possession to the best of his ability. *Id.* at 77:16-22; 78:5-15. Ms. Casper can only duplicate her husband's testimony or refer Toyota to the documents which record the salient details of the purchase price, maintenance, and servicing of the vehicle.

Mr. Casper testified about the purchase of his 2011 Sienna, including that he handled all research he conducted prior to his purchase. *Id.* at 204:3-5, 204:25-205:5. He also testified about his experience driving the vehicle, experiencing the HVAC odor, and the vehicle's maintenance and servicing. *See, e.g.*, *id.* at 80:18-24 (testifying that he was the primary driver for a period of time); *id.* at 17:18-18:1 (describing his impressions of the HVAC odor); *id.* 77:10-78:8 (testifying that he handled vehicle

maintenance). Ms. Casper cannot provide any new information regarding the purchase, operation, or maintenance of the vehicle.

Moreover, unlike the executive in *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 13-md-2436, 2014 WL 3035791, at *4 (E.D. Pa. July 1, 2014), Ms. Casper does not have detailed knowledge about the actual subject matter of the litigation, which is the presence of a defective HVAC System. Her recollection of a well-documented purchase from several years ago and 7 years' worth of maintenance and servicing are irrelevant, especially considering that Toyota inspected the vehicle itself on November 28, 2017. Indeed, Toyota conducted a full day inspection of the vehicle with multiple experts attending, including industrial hygienists. Unlike in *Klay v. Santa Cruz Cty. Sheriff's Office*, No. 14-cv-326, 2015 WL 3879729, at * 2 (N.D. Cal. June 22, 2015), which involved depositions of the plaintiff's current supervisors in an employment-related action, Ms. Casper simply does not have unique information relevant to her husband's allegations. Information regarding the use, operation, maintenance and repair of the vehicle has already been provided by Mr. Casper's deposition and production of documents. At best, Ms. Casper would simply reiterate information and testimony already obtained by Toyota.

Lastly, despite the above, if the Court were to find that Toyota has met its burden to prove (rather than simply speculate) that Ms. Casper has relevant information not already available by other means, the information can best be provided by the production of documents or deposition by limited written questions, rather than by forcing Ms. Casper to appear for a deposition.

### B. Ms. Casper Demonstrated Undue Burden in Sitting For an Irrelevant and Duplicative Deposition

A non-party's deposition is presumptively burdensome. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014). A deposition which will only produce duplicative or irrelevant information is also an

4

undue burden. *See Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (citing *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Despite Toyota's attempts to distinguish these cases, these are basic principles of the rules of discovery. Toyota has failed to overcome the presumption that deposing non-party Ms. Casper is an undue burden.

Further, Ms. Casper is a full time stay-at-home mom responsible for four children under the age of 9. Graden Decl., Ex. A at 10:5-13, 30:2-3. In order to properly prepare for and attend a deposition, Ms. Casper will incur considerable expense obtaining alternative childcare as well as managing the logistics of such. Simply put, this subpoena imposes an undue burden on Ms. Casper and is designed more to harass her and her family than to obtain relevant testimony.

## III. CONCLUSION

For the foregoing reasons, Ms. Casper respectfully requests that the Court enter an order quashing the Subpoena.

DATED: July 25, 2018                    Respectfully submitted,

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**

*/s/ Tyler S. Graden*
Peter A. Muhic (*Pro Hac Vice*)
 pmuhic@ktmc.com
Tyler S. Graden (*Pro Hac Vice*)
 tgraden@ktmc.com
Natalie Lesser (*Pro Hac Vice*)
 nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706

KIESEL LAW LLP
Paul R. Kiesel
State Bar No. 119854
 kiesel@kiesel.law
Helen E. Zukin
State Bar No. 117933

5

zukin@kiesel.law
Jeffrey A. Koncius
State Bar No. 189803
koncius@kiesel.law
Nicole Ramirez
State Bar No. 279017
ramirez@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel: 310-854-4444

*Attorneys for Deanna Casper*